BROTHERTON et al. v. BANK OF OTTAWA CO. et al.†

(Circuit Court of Appeals, Eighth Circuit. March 1, 1915.)

No. 4224.

Mortgages &⊃319—Foreclosure by Action—Sufficiency of Evidence—Payment.

In a suit to foreclose a mortgage, evidence *held* to show that a conveyance of property by a grantor of the mortgage to the mortgagee was intended as security for other debts, and not as payment of the mortgage debt.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 855–863, 875, 913, 1356, 1366; Dec. Dig. &⊃319.]

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Ralp E. Campbell, Judge.

Suit by the Bank of Ottawa Company and another against Jay Brotherton and others. Decree for complainants, and defendants appeal. Affirmed.

Ed Hirsh, of Muskogee, Okl., for appellants.

Malcolm E. Rosser, of Muskogee, Okl., and Daniel M. Bailey, of Ottawa, Ohio (William S. Cochran, of Muskogee, Okl., and James P. Leasure, of Ottawa, Ohio, on the brief), for appellees.

Before SANBORN, ADAMS, and SMITH, Circuit Judges.

ADAMS, Circuit Judge. This suit was brought by the Bank of Ottawa Company against Jay Brotherton, Indianola Contracting Company, C. N. Haskell, and L. E. Haskell, to foreclose a mortgage conveying certain real estate situate in the county of Muskogee and state of Oklahoma to secure the payment of a promissory note for $2,000, made by the defendant Jay Brotherton, payable to the order of defend-

ant Indianola Contracting Company, and by it indorsed, the payment of which was guaranteed by defendants C. N. Haskell and L. E. Haskell. A joint answer was filed by all the defendants, alleging that the note sued on had been paid in full, and praying for a cancellation of the note and mortgage. A replication having been filed, the cause was tried on the sole issue of payment, and resulted in a decree awarding the complainant a judgment for the amount due on the note and a decree for strict foreclosure of the mortgage, unless the amount of the judgment was paid within 60 days. From this decree the defendants prosecute their appeal to this court, and assign for error that the trial court erred in not finding that the defendants C. N. Haskell and L. E. Haskell had paid the amount due on the note before this suit was brought and that the court erred in not decreeing a cancellation of the mortgage given to secure the payment of the note.

On the issue of payment there was conflicting evidence, upon which the court might well and reasonably have found that the defendants, upon whom the burden of proof rested to substantiate their affirmative defense, had failed to do so, and we might properly enough indulge the permissible presumption that the conclusion reached by the trial court on this pure issue of fact was correct; but, in view of the earnest contention of counsel for the appellants that the court reached an erroneous conclusion, we will briefly consider the evidence.

The Haskells, being indebted to the Bank of Ottawa in a large sum over and above the $2,000 involved in this suit, on February 10, 1906, conveyed to W. H. Harper, cashier of that bank, two certain tracts of land, one situated in Lima and the other in Ottawa, Ohio. The deeds purported on their face to convey an absolute estate in fee simple with no condition of defeasance, and the Haskells claim that those conveyances were made and accepted by the bank in full payment and settlement of all their debt to the bank, including, among others, the note of $2,000 involved in this suit. Mr. C. N. Haskell so testified. Mr. Harper, the cashier of the bank, who had conducted the transaction for the bank, denied this, and asserted that the deeds were made and delivered to the bank as collateral security only for the payment of the entire debt due to the bank. A paper signed by both parties at the time reads thus:

"The Ottawa and Lima, Ohio, real estate this day sold to me by Lillie E. Haskell for $8,500.00. Said consideration has not yet been paid by me, and is not to be paid until I sell said property, or in lieu of sale I may elect to pay. In either event, said consideration is to be by me credited on my indebtedness of said Lillie E. Haskell to me. In case I elect to sell, I am to get the best price I reasonably can, and pay no more consideration than I receive. Prices less than above to be approved by us.

"[Signed]    W. H. Harper.

"Feb. 10, 1906.
"The above approved by us.
"[Signed] Lillie E. Haskell."

At the time the deeds were delivered, the notes representing Haskell's indebtedness, including the $2,000 note, were not surrendered by the bank, and Mr. Haskell, who seems to have conducted the business for his wife, Lillie E. Haskell, testified that Mr. Harper, or the bank,

221 F.—16

did not promise to surrender them until they could arrange for a resale of the property.

Soon thereafter, when the bank had sold the Lima property, Harper went to Guthrie, Okl., and there met Mr. Haskell, and on this occasion Mr. Haskell claims that Harper told him he had received so good a price for the Lima lot that the bank was willing to surrender the note sued on in this case and certain other notes held by the bank, amounting to $9,000, and treat the Ottawa property, the title to which stood in Harper's name, as full payment of the $2,000 note in suit and a certain other note held by the bank for $1,250. He says that Harper accordingly surrendered the notes, amounting to $9,000, which the bank then held, and agreed upon his return to Ohio to mail the note sued on and the note for $1,250 to Mr. Haskell. Mr. Harper admits that he surrendered the notes for $9,000, but says he never agreed to take the Ottawa property in full satisfaction of the note sued on and the other note for $1,250, and never agreed to send these last-mentioned notes to Mr. Haskell on his return to Ohio.

The record discloses some other evidence, to which we have given careful attention, and in the light of all the proof we have reached the following conclusions: (1) That there was no agreement, at the time the Lima and Ottawa lots were conveyed to Harper, that the bank would or did take title to those lots in full payment and satisfaction of the indebtedness of the Haskells. The memorandum signed by the parties cotemporaneously with the execution of those deeds, while somewhat vague and obscure, in our opinion, evidences an intention to treat those deeds as grants, not of an absolute, indefeasible title in fee simple, but merely as a convenience to facilitate the payment of the Haskell's indebtedness to the bank. (2) That there was no agreement made by Mr. Harper with Mr. Haskell at Guthrie to surrender the note sued on, together with the other specified note of $1,250, in consideration of the retention by the bank of an unconditional title to the Ottawa lot.

As a result we conclude that the defendants failed to make proof of payment of the note in suit as pleaded by them.

The decree of the District Court must therefore be affirmed.